An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RENARD TRUMAN POLK,
Petitioner,
vs.
NEVADA DEPARTMENT OF
CORRECTIONS; LOVELOCK
CORRECTIONAL CENTER; BOARD OF
PRISON COMMISSIONERS; ROBERT
LEGRAND; AND RAMON OLIVAS,
Respondents.

No. 66478

**FILED**

OCT 15 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malue
DEPUTY CLERK

### *ORDER DENYING PETITION FOR EXTRAORDINARY RELIEF*

Petitioner has filed a "Petition for Judicial Review" seeking this court's review and enjoinment of "the administrative order entered on 9/3/14." In terms of relief, petitioner seeks a writ from this court directing respondents to provide bottled water, to implement emergency plans for natural disasters, and to pay affected inmates $10,000, and a writ directing the governor to convene an emergency legislative session.

The decision to entertain original petitions seeking extraordinary writ relief is addressed to our sole discretion. *See Smith v. Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitions for extraordinary relief generally may issue only when there is no plain, speedy, and adequate remedy at law. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004). And petitioner bears the burden of demonstrating that our extraordinary intervention is warranted. *Id.* at 228, 88 P.3d at 844. Moreover, this court "is not an appropriate forum in which to resolve disputed questions of fact." *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 604, 637 P.2d 534, 536 (1981).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34177

Here, petitioner has not provided this court with a copy of the challenged administrative order, which the petition implies denied his emergency grievance regarding prison water supplies, or any other supporting documents. *Pan*, 120 Nev. at 228, 88 P.3d at 844; *see* NRAP 21(a)(4) (stating that an appendix accompanying a petition for extraordinary relief shall include all documents "essential to understand the matters set forth in the petition"). Moreover, even assuming that the relief sought here could be properly obtained through a petition for extraordinary writ relief, any such application for relief should be made to the district court in the first instance so that factual and legal issues are fully developed, giving this court an adequate record to review. *State v. Cnty. of Douglas*, 90 Nev. 272, 276-77, 524 P.2d 1271, 1274 (1974) (noting that "this court prefers that such an application [for extraordinary relief] be addressed to the discretion of the appropriate district court" in the first instance); *Round Hill Gen. Improvement Dist.*, 97 Nev. at 604, 637 P.2d at 536 (noting that when factual, rather than legal, issues are presented, this court will not exercise its discretion to consider an original extraordinary writ petition). Accordingly, we decline to exercise our discretion to consider this petition, *see Smith*, 107 Nev. at 677, 818 P.2d at 851, and we therefore deny the petition. NRAP 21(b)(1).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Renard Truman Polk
     Attorney General/Carson City